UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NIKA KHABURZANIA,

                Petitioner,

v.

KRISTI NOEM et al.,

                Respondents.

_____/

Case No. 1:26-cv-756

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and complaint for emergency injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.)

In an order entered on March 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the January 20, 2026, bond hearing on March 16, 2026. (Resp., ECF No. 5; Recording of Jan. 27, 2026, Bond Hearing, filed on Mar. 16, 2026.) Petitioner filed his reply on March 19, 2026, (ECF No. 6.).

## II.    Relevant Factual Background

Petitioner is a citizen of Georgia who entered the United States in 2023. (Pet., ECF No. 1, PageID.4.) On December 11, 2025, Petitioner was arrested by ICE in Ohio. (*Id.*, PageID.5.)

On December 29, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Khaburzania v. Breckon* (*Khaburzania I*), No. 1:25-cv-1927 (W.D. Mich.). In *Khaburzania I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Khaburzania I*, (W.D. Mich. Jan. 14, 2026), (ECF Nos. 5, 6.).

On January 20, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, was employed as a commercial truck driver for a business in Brooklyn, New York, had a sponsor, and had a pending asylum application. (*Id.*, PageID.5–6; Recording of Jan. 20, 2026, Bond Hearing at 4:00–6:59, filed on Mar. 16. 2026.) Respondents argued that Petitioner was a flight risk as he did not have a stable address and only provided a lease for his sponsor but did not provide a lease or address for himself. Respondents pointed out that Petitioner intends to reside in Illinois while his employment remains in New York.

2

(Recording of Jan. 20, 2026, Bond Hearing at 2:58–3:59, filed on Mar. 16. 2026.) At the conclusion of the January 20, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The Court finds that the Department of Homeland Security has proven by a preponderance of the evidence that the Respondent is a flight risk and there are no conditions or combination of conditions that would reasonably assure the Respondent's future appearances at immigration proceedings.

(Immigration Judge Order, ECF No. 1-5, PageID.173.)

### III.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

**IV.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 20, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, the Immigration Judge applied a preponderance of the evidence standard to Respondents' evidence. As noted above, Respondents must meet their evidentiary burden by clear and convincing evidence to demonstrate dangerousness or a flight risk. *Soto-Medina*, 2026 WL 161002, at *2. Under these circumstances, the Court will grant Petitioner's § 2241 petition.

**V.    Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western

District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General, the Director of the Executive Office of Immigration Review, and the Chief Immigration Judge of the Executive Office of Immigration Review as Respondents in this matter.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will dismiss the United States Attorney General, the Director of the Executive Office of Immigration Review, and the Chief Immigration Judge of the Executive Office of Immigration Review as Respondents in this matter.

Dated:      April 16, 2026           /s/ Jane M. Beckering
                                     Jane M. Beckering
                                     United States District Judge

5